IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| JOE LANE; STATE OF TENNESSEE on relation of Joe Lane, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 3:04-CV-560 JORDAN/SHIRLEY |
| DREW MARTIN; TIMOTHY HUTCHISON; KNOX COUNTY, TENNESSEE; and HARTFORD INSURANCE COMPANY, | ) ) ) ) | |
| Defendants. | ) ) | |
| and | ) ) | |
| JOE LANE; STATE OF TENNESSEE on relation of Joe Lane, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 3:04-CV-590 PHILLIPS/SHIRLEY |
| DREW MARTIN; TIMOTHY HUTCHISON; KNOX COUNTY, TENNESSEE; and HARTFORD INSURANCE COMPANY. | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the court for consideration of "Motion for Summary Judgment of Defendant Timothy Hutchison in His Individual Capacity" [doc. 11]. Plaintiff

has not filed a response to the motion. Oral argument is not necessary, and the motion is ripe for the court's consideration. For the reasons stated herein, the motion for summary judgment will be granted, and defendant Timothy Hutchison in his individual capacity ("Sheriff Hutchison" or " the Sheriff") will be dismissed from this case.

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 for alleged violation of his constitutional rights. He also asserts in the complaint several state law claims.

I.

*Factual Background*

The incident that is the basis for this lawsuit occurred on November 29, 2003.[1] According to the plaintiff, he mistakenly was traveling in the wrong direction on an exit ramp. Upon realizing his mistake, plaintiff turned around and was exiting on the exit ramp when he was stopped by defendant Drew Martin ("Deputy Martin"), a deputy with the Knox County Sheriff's Department. Plaintiff alleges that Deputy Martin was verbally abusive to him and when plaintiff asked for his name and badge number, Deputy Martin became enraged and threw plaintiff into his vehicle and to the ground. Plaintiff alleges that he was beaten and as a result suffered rib and shoulder injuries. Plaintiff was transported to the Knox County Detention Facility and was eventually released on bond. According to plaintiff,

---

[1] The facts that follow are taken from the complaint. The only evidence before the court is Sheriff Hutchison's unopposed affidavit.

2

Case 3:04-cv-00590 Document 14 Filed 07/08/05 Page 2 of 11 PageID #: 2

he was denied medical care and access to his heart medication while at the Detention Facility.

The material allegations pertaining to Sheriff Hutchison are set out in the following paragraphs:

> 6. Defendant TIMOTHY HUTCHISON is the Sheriff of Knox County, Tennessee and is sued both in his official capacity and is also sued in his individual capacity for failure and neglect to perform duties imposed upon him as Sheriff of Knox County, Tennessee and as principal on his official bond.
>
> 25. Plaintiff was held in the Knox County Detention Facility for in excess of three (3) hours prior to being allowed a telephone call pursuant to the customs and policies of Defendant KNOX COUNTY and HUTCHISON.
>
> 26. Plaintiff was held in the Knox County Detention Facility for an unreasonable period of approximately seven (7) hours pursuant to the customs and policies of Defendant KNOX COUNTY and HUTCHISON.
>
> 93. Defendant Hutchison is required to perform duties as Sheriff for Knox County by Tennessee law and Knox County law.
>
> 94. Defendant HUTCHISON failed and neglected to perform the duties required of him to train, supervise and discipline his officers in his conduct *while exercising his authority while working for private persons*;[2] by failing to train and supervise his officers on the lawful use of force in making arrest for misdemeanors; by failing to train and supervise his officers on the use of post misdemeanor citations; and by being deliberately indifferent to the use of excessive force by his officers.
>
> 96. Plaintiff sues Defendant HUTCHISON for the breach of his duty as sheriff of Knox County, Tennessee.

---

[2] It is unclear to the court how the italicized allegation has any relevance in this case.

3

102.  Plaintiff brings this action on relation of the STATE OF TENNESSEE and sues Defendant HUTCHISON and MARTIN individually under his official bonds as beneficiaries of said bonds as provided for in T.C.A. § 8-18-301[3] for failures and neglect of his duties required of him as sheriff as specified in this complaint.

II.

*Summary Judgment Standard*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988) (quoting Fed. R. Civ. P. 56(c)). The moving party may discharge its burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which he or she bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The moving party need not support its motion with affidavits or other materials negating the opponent's claim. *Celotex Corp.,* 477 U.S. at 323, 106 S. Ct. at 2553. Although the moving party has the initial burden, that burden may be discharged by a "showing" to the district court that there is an absence

---

[3] This section of Tennessee Code Annotated does not exist. The court concludes that plaintiff must be referring to Tennessee Code Annotated section 8-8-103 or section 8-8-301.

4

of evidence in support of the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325, 106 S. Ct. at 2554.

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hospital,* 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports the complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11, 91 L. Ed. 2d 202 (1986). The non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Liberty Lobby,* 477 U.S. at 255, 106 S. Ct. at 2513. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Liberty Lobby,* 477 U.S. at 251-52, 106 S. Ct. at 2512.

III.

*Analysis*

The court begins by addressing plaintiff's allegations in paragraphs 25 and 26 that the seven hours he was detained before his release and the three hours he was held before he was allowed to make a telephone call were unreasonable and in accordance with customs and policies of Sheriff Hutchison. The Constitution does not require that a detained person must be given a telephone call or that such a call must be permitted within a specified period of time. Even if there were such a requirement, three hours would not be an unreasonable length of time.

The seven hours plaintiff was held in the Detention Facility also was not an unreasonable period of time. In *Gerstein v. Pugh*, 420 U.S. 103, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975), the Supreme Court recognized that "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." *Id.* at 114, 95 S. Ct. at 863. The question of how soon such a determination must be made was addressed by the Supreme Court in *County of Riverside v. McLaughlin,* 500 U.S. 44, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991). In *County of Riverside*, the Supreme Court held that "judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*." *Id*. at 56, 111 S. Ct. at 1670. The seven hours plaintiff was detained do not come close to reaching, let alone exceeding, the 48-hour rule set forth in *County of Riverside*.

6

The allegations in paragraphs 25 and 26 do not state a claim against Sheriff Hutchison for violation of plaintiff's constitutional rights.

The court next considers plaintiff's allegations concerning the Sheriff's official bond. In his motion, Sheriff Hutchison moves for summary judgment on this claim that is set out in paragraph 102 of the complaint. However, the Sheriff does not address this claim in his supporting memorandum, so he has failed to provide the court with any legal argument or authority. In any event, the court has ruled on this issue before.

Plaintiff contends that Sheriff Hutchison should be liable to him because of his failure to perform the duties he swore to carry out when he took his oath to secure an official bond as required by Tennessee statute. Under Tennessee Code Annotated § 8-8-103, a sheriff "shall enter into an official bond . . . faithfully to execute the office of sheriff and perform its duties and functions during such person's continuance therein." The obligations of the surety and principal are set out in § 8-8-301 of the Tennessee Code Annotated.

Section 8-8-301 does not create liability. In *Waters v. Bates*, 227 F. Supp. 462 (E.D. Tenn. 1964) this court held that the official bond of a sheriff does not create a private cause of action. The court stated:

> The plaintiff has placed considerable emphasis upon the sheriff's surety bond and the statutory definition of the obligations covered by the bond as set forth in T.C.A. 8-1920 [now § 8-8-301], as forming a basis for imputing to the sheriff and the surety the negligence of [defendant]. However, it is clear that the official bond of a sheriff creates no new cause of action against him and that his official bond binds him no further than he would be liable without it . . . .

*Id*. at 465-66; *see also Doe v. May*, No. E2003-1642-COA-R3-CV, 2004 WL 1459402, at *5 (Tenn. Ct. App. June 29, 2004) (citing *Waters* with approval). This claim against Sheriff Hutchison cannot stand.

The court now turns to the remaining allegations against Sheriff Hutchison, which sound in negligence. Paragraphs 94 through 96 speak in terms of the Sheriff breaching his duty as the Sheriff of Knox County and neglecting to train, supervise, and discipline his officers. Thus, plaintiff seeks to hold Sheriff Hutchison personally liable for the alleged constitutional injury caused by the actions of someone else. Supervisory liability standards are employed to analyze the claims. *Doe v. City of Roseville*, 296 F.3d 431, 439 (6th Cir. 2002) (citing *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 513 (6th Cir. 1996)).

Liability under § 1983 cannot be based on *respondeat superior*, i.e., the right to control employees. *Hays v. Jefferson County*, 668 F.2d 869, 872 (6th Cir. 1982). Supervisory liability must be based on "active unconstitutional behavior"; the "mere failure to act" is insufficient. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citation omitted). "[T]here must be a direct causal link between the acts of individual officers and the supervisory defendants." *Hays*, 668 F.2d at 872. In addition, a claim of failure to supervise or properly train under §1983 cannot be based on simple negligence. *Hays,* 668 F.2d at 872 ("[S]imple negligence is insufficient to support liability of high police officials and municipalities for inadequate training, supervision, and control of individual officers.").

8

Case 3:04-cv-00590   Document 14   Filed 07/08/05   Page 8 of 11   PageID #: 8

> [A] failure of a supervisory official to supervise, control, or train the offending individual officers is not actionable absent a showing that the official either encouraged the specific incident of misconduct or in some way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.

*Id*. at 874.

In support of his motion for summary judgment, Sheriff Hutchison submits his affidavit in which he states as follows: 1) that he never had any physical contact with the plaintiff and he was not involved with the detention and arrest of the plaintiff; 2) that he has had no contact with the plaintiff and has never seen the plaintiff; 3) that he did not know about any complaint by the plaintiff until these complaints were filed; 4) that Deputy Martin has been trained on the issuance of a citation in lieu of custodial arrest, on the lawful use of force, and in accordance with state training requirements as to state and constitutional laws; and 5) that he has never been made aware of any use-of-force problems concerning Deputy Martin.[4] This affidavit has not been refuted by plaintiff and is the only evidence in the case.

Plaintiff has not made out a claim that Sheriff Hutchison individually deprived him of a right secured by the Constitution. There is no showing that Sheriff Hutchison "either encouraged the specific incident of misconduct or in some other way directly participated in it." The Sheriff's affidavit demonstrates that he had no participation in the

---

[4] Sheriff Hutchison also states in his affidavit: "My being sued officially, along with Knox County, is redundant and duplicative" and "No individual actions on my part violated any rights of the Plaintiff Lane, if such rights were violated." These statements are obvious conclusions of law and not statements of fact, and they do nothing to refute the plaintiff's allegations.

9

alleged incident or the arrest and detention of the plaintiff. The affidavit also specifies the training that Deputy Martin has received. These affirmations by Sheriff Hutchison have not been refuted by the plaintiff. When faced with a summary judgment motion, "the nonmoving party may not rest upon the pleadings but must go beyond the pleadings and 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Johnson v. City of Cincinnati*, 119 F. Supp.2d 735, 739 (S.D. Ohio 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

Plaintiff has failed to demonstrate that Sheriff Hutchison in his individual capacity "committed a constitutional violation []or violated a clearly established right." *Shehee*, 199 F.3d at 300. Because the facts do not support a claim for a constitutional violation by Sheriff Hutchison, the court need not reach the claim for qualified immunity.

Accordingly, for the reasons stated herein, the "Motion for Summary Judgment of Defendant Timothy Hutchison in His Individual Capacity" [doc. 11] will granted. An order reflecting this opinion will be entered.

ENTER:

                                                s/ Leon Jordan
                                      United States District Judge